UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-24213-CV-LENARD/O'SULLIVAN

JANET RODRIGUEZ,

    Plaintiff,

vs

CITY OF MIAMI, FLORIDA,

    Defendant.
_____/

PLAINTIFF'S RESPONSE
AND OPPOSITION TO
DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

    PLAINTIFF, by and through her undersigned counsel, in response and opposition to Defendant's Motion for Summary Judgment, would show the Court as follows:

    1. Defendant says that the apartment of TRACY THOMAS was entered into by the Plaintiff, without her authority, and that her furniture was removed with the intent to destroy it. This scenario is so far removed from realty, that it is almost ludicrous to be required to respond to it.

    2. For one thing, TRACY THOMAS didn't reside in that apartment at the time of the events described in the complaint. Further, the furniture which Plaintiff is accused of having the intent to destroy, was never proven to belong to Tracy Thomas, but apparently was in the possession of an un-named individual who was seen to occupy the apartment when the police arrived on the scene. Additionally, Plaintiff

was never permitted by the police officers to produce documents to prove that she had evicted Tracy Thomas, nor did the police officers obtain any proof that Tracy Thomas even had possession by any lawful means of the apartment. They even failed to obtain her proper address. At no time was she even asked to show a lease or rental agreement, and the Plaintiff repeatedly denied she was a tenant, stating that she had evicted her some time before that date.

3. Clearly, the Plaintiff was known by the police officers to own the apartment building and the Defendant City's police officers, failed utterly to prove by any manner or means that she was guilty of the charge of burglary.

4. By totally ignoring the true facts, failing to prove or even obtain some evidence as to the truth of the situation, the City's police officers proceeded to act with deliberate indifference to the rights of the Plaintiff, believing instead the lies that witnesses whose identities were never properly obtained, told them, and disbelieved what they chose to disregard, for reasons not entirely known at this time.

5. Pursuant to Federal Rule of Civil Procedure Rule 56, the Defendant cannot possibly show an absence of evidence which supports its outlandish claims, and for the Court to entertain this Motion it must exclude everything that the Plaintiff has said and the allegations contained in her complaint.

6. Interestingly, the Defendant's motion makes no statement regarding the as yet unidentified male who was found to be residing in the apartment which Tracy

Thomas claimed had been hers. Further, why didn't the City's police officers question that individual to determine whose furniture items had been removed by the Plaintiff?

5. And whether or not the writ of possession had actually been served on Tracey Thomas did not, by any stretch of the imagination, enable the police officers to conclude that what the Plaintiff said about evicting her, was not the truth. Just the fact that the Plaintiff had obtained a writ of possession alone, should have been sufficient for the police officers to determine that Tracy Thomas no longer was a lawful tenant in the building. Surely that would have been reason enough for them not to charge the Plaintiff with burglary of her property, but the City's officers, in their desperate search to find the Plaintiff had done something improper, were unable to even reach such a conclusion, possibly for some nefarious or malicious reason we will likely never discover.

## **MATERIAL FACTS IN ISSUE:**

A. Whether or not Tracy Thomas was a legitimate, lawful tenant of the Plaintiff at the time the City's Police officers decided to charge the Plaintiff with burglary.

B. Whether or not the unidentified person found in the apartment of Plaintiff's building was lawfully occupying that apartment.

C. Whether the City's police officers had probable cause to arrest the Plaintiff and charge her with burglary at the time they did without some evidence that Tracy Thomas was lawfully on the premises and what she told the police was truthful.

D. Whether the City's police officers allowed the Plaintiff to produce documents which she said would prove what she told them about having evicted Tracy Thomas was true.

## STATEMENT OF DEFENDANT'S ALLEGED UNDISPUTED MATERIAL FACTS WHICH ARE ERRONEOUS

1. (9) Tracy Thomas lied when she told Officer Yearby that her apartment had been broken into. In truth and fact, Tracey Thomas no longer had any lawful tenancy with regard to the former apartment she had tenanted and no longer lived in the apartment building.

2. (10) When Tracey Thomas told officer Yearby her landlord removed items from her apartment and threw them across the street she was lying because the apartment was no longer in her lawful possession at the time, she no longer resided in that apartment house, the items which the Plaintiff removed from the apartment were 'junk' and the Plaintiff had every lawful right to remove them along with the unidentified individual who was evidently residing in the apartment, without having obtained any lawful rights to do so.

3. (14) Officer Yearby arrested the Plaintiff for no justifiable reason after having determined that a writ of possession had been issued. Had she asked the proper questions and done the proper investigation, she would have determined that Tracy Thomas had moved to a new residence prior to that date, and the Plaintiff could

not be charged with burglary of her own property, something Officer Yearby didn't even consider and was further demonstration that she was unfit to act as a police officer in the performance of her duties, also indicating a lack of proper training.

4. (15) Officer Yearby believed Tracey Thomas when she was told the Plaintiff entered her apartment without her permission. Officer Yearby failed utterly to properly investigate and could easily have determined that Tracey Thomas was no longer a lawful tenant of the Plaintiff, had no lawful right to claim the apartment was hers or that anything in it belonged to her, or that the Plaintiff was destroying her property.

5. (25) Although the writ of possession may not have been served, Tracy Thomas was long gone from the apartment on December 29, and Officer Yearby had no legal reason to believe that the apartment was still lawfully tenanted by Tracey Thomas. Her arrest of the Plaintiff was improper, and her disregard for the Plaintiff's rights unconstitutionally deprived her of her property rights.

## ARGUMENT

6. Certainly there was a genuine dispute as to the so-called "Undisputed Material Facts." Viewing the facts most favorable to the Plaintiff, the non-moving party, proves without a shadow of a doubt that summary judgment should not be awarded to the Defendant in this case.

7. Defendant's officers, according to the deposition of police officer Yearby,

consulted with her supervisor before effectuating the arrest of the Plaintiff, proving that the City engaged in wrongful conduct well within the scope of their employment. Further, at no time did the Plaintiff act in any manner to commit any offense in the presence of any of the Defendant's officers. All that the City did, was to act according to whatever Tracy Thomas told it, and whatever she said, was not only untrue, but was obviously motivated, at least in part, by the fact that the Plaintiff had previously lawfully evicted her.

8. The outrageous and totally unconscionable actions of the City, through its police officers, was the basis for the unlawful arrest of the Plaintiff, and should be condemned. The alleged probable cause which the Defendant expresses in its Motion, and repeatedly relies on in order to justify the wrongful, malicious and unreasonable conduct of its officers, is so beyond any sensibility, as to raise the question why the City has gone to such effort and expense in pursuing this avenue.

9. Clearly, from the Plaintiff's affidavit, attached hereto, and a cursory reading of the deposition of Officer Yearby, we find two distinct and contradictory scenarios. The City's Motion simply leaves out the presence of the as yet unidentified male residing in the apartment which the Plaintiff says was the former resident of Tracey Thomas, and the Police Officer does not acknowledge the fact of Ms. Thomas's eviction by the Plaintiff, despite the fact the Plaintiff had a writ of possession previously issued by the Clerk. In any case, even assuming arguendo, that we are left

with two competing and contradictory stories, the credibility favoring Ms. Thomas's story by the City's officer, is highly questionable. Interestingly, the court in <u>Wendall Jermain Hall vs Jeffrey K. Bennett</u>, No. 10-12869, US Court Appeals Eleventh Circuit, (Nov. 23, 2011), vacated the summary judgment awarded in that case, claiming it improperly weighed the testimony of only one of the parties. We submit that any attempt to describe the City's position as being credible, in the face of the Plaintiff's testimony, would be highly improper, according to the pertinent facts herein.

10. We know that summary judgment is proper under Rule 56 if the movant shows that there is no genuine issue of material fact. <u>Seacor Holding Inc. v Commonwealth Ins. Co., 635 F3rd 675.</u> In other words, the Court must consider all evidence in the record when reviewing a motion for summary judgment, and can only grant summary judgment if everything in the record demonstrates that no genuine issue of material fact exists. <u>Tippens v Celotex Corp.</u>, 805 F2d, 949, (11th Cir. 1992).

11. Even a brief glance at Plaintiff's affidavit, coupled with the other pleadings and depositions herein, clearly show that what the Defendant has said in its motion, leaves absolutely not an iota of evidence to support a finding that summary judgment in this case is proper.

## **CONCLUSION**

The City's police officers, visiting the property which was owned by the

Plaintiff, and at the request of a former tenant, Tracey Thomas, arrested, charged, and transported the Plaintiff who had been manacled, (handcuffed) to the police station where she was confined for several hours, all due to the untruthful and uncorroborated statements made to them without their having checked any facts and without even having considered what they had been told by the Plaintiff in response to their biased and unreasonable determinations.

The idea that the 'evidence' submitted by the Defendant in its motion provides any basis for the police officer's actions and conduct is ridiculous because they had no such evidence. Only the statements made to them by Ms. Thomas, whose credibility was so obviously strained, and so prejudiced against the Plaintiff as to demand scrutiny by trained, police officers. Unfortunately, in the case at bar, no such scrutiny existed. The result was the arrest and unlawful incarceration of the Plaintiff, her humiliation, embarrassment and other unpleasant consequences for her which followed.

For all the foregoing, Plaintiff prays the Court will strike and deny the Defendant's Motion for summary judgment accordingly. Even the slightest review of the earlier discovery in this case, including the depositions taken, reflect many inconsistencies as to the Parties' positions, so as to preclude the finding that there are no issues of material fact, and summary judgment is not proper at this time.

LAW OFFICE OF LIONEL BARNET, P.A.
KAREN J. BARNET-BACKER, ESQ.
JOHN H. RUIZ, P.A.
5040 NW 7th Street, 5th Floor
Miami, Florida 33126
Telephone 305-614-2338
Facsimile 305-529-0310
Attorney for Plaintiff
By_____
LIONEL BARNET, ESQ.
Florida Bar #122317

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that a true copy of the foregoing was served upon Julie O. Bru, Esq., and Christopher A. Green, Esq., attorneys for Defendant, at 444 SW 2nd Avenue, Suite 945, Miami, Florida 33130, by US Mail, this 28 day of September 2012.

By_____
LIONEL BARNET, ESQ.
Florida Bar #122317